1  Brian D. Berry, CA Bar No. 229893
   brian.berry@ogletree.com
2  Lisa M. Bowman, CA Bar No. 253843
   lisa.bowman@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  Steuart Tower, Suite 1300
   One Market Plaza
5  San Francisco, CA  94105
   Telephone:  415.442.4810
6  Facsimile:   415.442.4870

7  Nikolas T. Djordjevski, CA Bar No. 294728
   nikloas.djordjevski@ogletree.com
8  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
9  4370 La Jolla Village Drive, Suite 990
   San Diego, CA 92122
10 Telephone:  858.652.3100
   Facsimile:   858.652.3101

Attorneys for Defendant SOUTHWEST AIRLINES CO.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE TANIS, individually and on behalf of all similarly situated employee of Defendants in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO. and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. **'18CV2333 BEN BGS**<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446 (DIVERSITY)**<br><br>[Filed concurrently with Notice of Parties with Financial Interest; Civil Cover Sheet; Notice of Related Cases; Declarations of Greg Muccio and Nikolas T. Djordjevski]<br><br>Complaint Filed: August 15, 2018<br>Removal Date: October 10, 2018 |

35884776_1

DEFENDANT'S NOTICE OF REMOVAL

      Defendant SOUTHWEST AIRLINES CO. ("Defendant") removes this action from the San Diego County Superior Court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiff's action is one which may be so removed because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. In addition, this Court has supplemental jurisdiction over the claims of the putative class pursuant to 28 U.S.C. § 1367(a).

      The foregoing facts were true when the operative Complaint was filed and remain true as of filing this Notice of Removal.

## I.    STATE COURT ACTION

      1.    Plaintiff SUZANNE TANIS ("Plaintiff") began her employment with Defendant on December 7, 2015. (Djordjevski Decl., ¶ 3; Ex. 1, p. 11, ¶ 20.) On August 15, 2018, she filed her Individual and Class Action Complaint ("Complaint") in the San Diego County Superior Court, case number 37-2018-00041143-CU-OE-CTL (the "Action"). She alleges the following claims on an individual and class-wide basis: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay minimum and regular wages; (4) failure to pay all overtime wages; (5) failure to provide accurate itemized wage statements and written notice of sick leave; (6) failure to timely pay all wages due upon separation of employment; and (7) violation of Business & Professions Code § 17200, *et seq.* (Ex. 1, p. 8.)

      2.    On September 10, 2018, Defendant was served with the Summons, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, Alternative Dispute Resolution Information, Stipulation to Use Alternative Dispute Resolution, and Complaint. (Djordjevski Decl., ¶ 3, Ex. 1, Summons)

      3.    Defendant Answered the Complaint on October 9, 2018 (Djordjevski Decl., ¶ 4; Ex. 2, Answer.) Exhibits 1-2 constitute all pleadings, process, and other documents Defendant has received or filed in this Action. (Djordjevski Decl., ¶ 5.)

35884776_1

1

DEFENDANT'S NOTICE OF REMOVAL

4. Plaintiff has not yet identified any of the fictitious "Doe" defendants named in the Complaint.

## II. TIMELINESS OF REMOVAL

5. A Notice of Removal is timely when it is filed within 30 days of the defendant's receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1146(b)(1).

6. This Notice of Removal is timely because Defendant was served with and received the Complaint on September 10, 2018. Defendant filed this Notice of Removal within 30 days of that date.

7. The consent of fictitious "Doe" defendants is not required because they have not been served. Defendant is the only party who must consent to removal. Therefore, all defendants whose consent is required, have consented to this removal.

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

8. <u>Citizenship of Plaintiff</u>. For diversity purposes, an individual is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place where he or she resides intending to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

9. Plaintiff is, and at all times relevant to this Action was a citizen of the United States domiciled in the State of California. (Ex. 1, p. 10, ¶ 6.)

10. <u>Citizenship of Defendants</u>. For purposes of removal, diversity of citizenship is determined when the action is filed and at the time of removal. *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002).

11. At all relevant times, Defendant has been a Texas corporation with its principal executive office in Dallas, Texas. At all relevant times, Defendant's headquarters have been located in Texas and the majority of its executive and administrative functions have occurred there. (Declaration of Greg Muccio ["Muccio Decl."], ¶ 2.)

12. Defendant has not been incorporated under the laws of California or had its principal place of business here. (Muccio Decl., ¶ 3.)

13. <u>Citizenship of Doe Defendants.</u> The citizenship of fictitiously-named "Doe" defendants is disregarded for the purposes of removal. 28 U.S.C. § 1441(b)(1); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

14. As set forth above, this is a civil action between citizens of different states. 28 U.S.C. §§ 1332 and 1441. Complete diversity exists between the parties.

## IV. THE JURISDICTIONAL MINIMUM IS MET

15. Based on Plaintiff's allegations, the amount in controversy exceeds the sum or value of $75,000, excluding interest and costs. The Complaint alleges no specific damage amount on each claim. Removal is proper because, based on the allegations of the Complaint (although disputed by Defendant), it is more likely than not the damages sought in connection with Plaintiff's claims exceed $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996).

16. Plaintiff's Complaint seeks recovery for unpaid minimum wages, regular wages, and overtime wages, numerous statutory penalties for alleged Labor Code violations, interest, liquidated damages, restitution, attorneys' fees, costs of suit, and any other relief the Court deems proper – not just for herself but a class of current and former employees of Defendant. (Ex. 1, Complaint, pp. 32-33.)

17. Based on the allegations in the Complaint, Defendant's conservative, good faith estimate of the amount in controversy is well over $75,000.[1] Specifically, Defendants estimate the amount in controversy as follows:

///

///

---

[1] By discussing the amounts Plaintiff may recover if she prevails, Defendant does not concede that Plaintiff will prevail on any of her claims, or if she prevails, that she is entitled to damages in any particular amount or at all. Defendant reserves the right to dispute Plaintiff's claims with respect to both liability and damages.

### A. Meal and Rest Period Penalties

18. Under California Labor Code § 226.7, an employer must provide a reasonable opportunity for non-exempt employees to take a duty-free meal period of at least half an hour for every five hours of work, and a duty-free rest break of at least 10 minutes for every four hours of work or major portion thereof. *Brinker v. Superior Court*, 53 Cal. 4th 1004 (2012). If an employer fails to provide a reasonable opportunity to take a meal or rest period, the employee is owed an additional hour of pay at the employee's regular rate of compensation. Lab. Code § 226.7. The statute of limitations period for meal and rest period claims is three years. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1114 (2007).

19. A removing defendant may employ reasonable assumptions based on the complaint to determine the amount in controversy. *See, e.g., Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469-SVW, 2015 WL 93335, at *4-5 (C.D. Cal. Jan. 7, 2015) (upholding assumed 50% violation rate [or 2.5 violations per week] on both meal and rest period claims where plaintiffs alleged they "sometimes did not receive all of their meal periods"); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (assuming 100% violation rate where plaintiff alleged defendant "adopted and maintained uniform policies, practices and procedures" that caused the purported violations).

20. Plaintiff alleges Defendant had a "pattern and practice" of not providing Plaintiff with legally compliant meal periods, and a "pattern and practice" of failing to authorize and permit Plaintiff to take legally compliant rest periods. (Ex. 1, p. 13, ¶ 33 and p. 14, ¶ 35.) These allegations are sufficiently similar to *Mejia* to support a computation based on a 100% violation rate for meal and rest periods. But in order to show the amount in controversy is easily met, a 50% violation rate will be employed instead.

21. Plaintiff's employment began on December 7, 2015. (Complaint, p. 11, ¶ 20.) Approximately 148 workweeks have passed from the date of her employment

35884776_1

4
DEFENDANT'S NOTICE OF REMOVAL

to the date of removal. She alleges she earned a $63,000 annual salary as well as non-discretionary bonuses. (*Id.*, p. 12, ¶ 21.) Not including her bonuses, Plaintiff's compensation equals an hourly rate of $30.29.[2]

22. With a conservative estimate of 2.5 meal and rest break violations per workweek, the total amount in controversy for meal and rest period premium pay for Plaintiff alone is equal to **$22,414.60**.[3]

### B. Overtime Wages

23. California Labor Code § 510 provides, *inter alia*, that any work in excess of eight hours in a workday or 40 hours in a workweek shall be compensated at one and one-half times an employee's regular rate of pay. Any work a nonexempt employee conducts over 12 hours in one day shall be compensated at the rate of no less than twice that employee's regular rate of pay. *Id.*

24. Plaintiff seeks unpaid overtime wages. According to her Complaint, she "regularly worked" more than eight hours per day and/or forty hours per week. (Complaint, p. 14, ¶ 38.) Specifically, she alleges she "is typically scheduled to work eight to nine hour shifts Monday through Friday." (*Id.*, p. 12, ¶ 22.) She further alleges she was misclassified as an exempt employee who is ineligible to receive overtime hours, therefore alleging that she never received any overtime wages. (*Id.*, ¶ 23.) She also alleges Defendant failed to include non-discretionary bonuses in calculating her regular rate of pay for the purpose of overtime. (*Id.*, ¶ 39.) This means her overtime rate would exceed one and one half times her hourly rate of $30.29.

25. Given Plaintiff's allegations, it is reasonable to assume she worked approximately one half hour of overtime per day, or 2.5 hours per week. To show the amount in controversy is easily met, the calculation will be done without including

---

[2] $63,000 ÷ 52 weeks ÷ 40 hours per week = $30.29.

[3] (148 workweeks x 2.5 rest period violations x $30.29) + (148 workweeks x 2.5 meal period violations x $30.29) = $22,414.60

5

DEFENDANT'S NOTICE OF REMOVAL

Plaintiff's non-discretionary bonuses into the hourly rate. Given this conservative estimate, the amount in controversy for Plaintiff's overtime claim – excluding putative class members – is **$16,810.95**.[4]

### C. Wage Statements

26. Plaintiff seeks statutory penalties for inaccurate wage statements under California Labor Code § 226. A one-year statutory period applies to Plaintiff's claim for wage statement penalties. Cal. Code Civ. Proc. § 340(a); *Falk v. Children's Hospital Los Angeles*, 237 Cal.App.4th 1454, 1469 (2015).

27. Labor Code § 226(e) provides for the greater of all actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period, up to a maximum of $4,000.

28. Plaintiff filed her Complaint on August 15, 2018. The liability period for this claim therefore extends from August 15, 2017 through the present. Plaintiff is paid on a bi-weekly basis and has received approximately 28 wage statements over the course of the liability period. (Muccio Decl., ¶ 4.) The amount in controversy for her wage statement claim is therefore **$2,750**.[5]

### D. Waiting Time Penalties

29. California Labor Code § 203 provides that if an employer willfully fails to pay in accordance with Section 201 or 202, the employee is entitled to a penalty of up to 30 days' worth of wages.

30. Plaintiff alleges Defendant "willfully failed to pay Plaintiff…all wages due and owing…within the time required by Labor Code §§ 201 and 202, as applicable." (Complaint, p. 29, ¶ 122.) She also alleges that, to date, she has not received all wages due and payable to her, thereby entitling her to waiting time penalties. (*Id.*, p. 29, ¶ 119 – p. 30, ¶ 125.)

---

[4] $30.29 x 1.5 = $45.44 (overtime rate) x 2.5 overtime hours worked per week x 148 workweeks = $16,810.95

[5] 28 wage statement x $100 penalty - $50 penalty (for initial violation) = $2,750.

31. Plaintiff's daily rate of pay is $242.32.[6] The amount in controversy for waiting time penalties is therefore **$7,269.60** for Plaintiff alone.[7]

### E. Attorney Fees

32. "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.,* 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); citing, *Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1034 (N.D.Cal.2002) (rejecting plaintiff's argument that attorneys' fees are limited to those accrued at time of removal). "The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement." *Id.*; See also, *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) (holding that exclusion of post-complaint attorney's fees from amount in controversy does not comport with the reality of litigation).

33. "[A]t a rate of $400/hour, attorneys' fees would reach $40,000 after just 100 billable hours, and attorneys handling wage-and-hour cases typically spend far more than 100 hours on the case." *Lippold v. Godiva Chocolatier, Inc.,* No. C 10-00421 SI, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) (calculating attorneys' fees for amount in controversy in single-plaintiff wage and hour case).

34. Several of Plaintiff's claims provide for the recovery of statutory attorney fees. (Ex. 1, p. 32, ¶ c.) Plaintiff's counsel are also "experienced employment law litigators with significant wage and hour and class action experience." (*Id.*, ¶ 57.) It is therefore reasonable to assume the amount in controversy for attorney fees is *at least* **$40,000**.

///

---

[6] $30.29 hourly rate x 8 hours = $242.32.

[7] $242.32 daily rate x 30 days = $7,269.60.

### F.  Summary of Amount in Controversy

35.  Based on the foregoing, the amount in controversy is at least **$89,245.15**.[8] This exceeds the jurisdictional minimum of $75,000.00. However, the actual amount in controversy is likely much greater. The final figure does not include additional amounts resulting from alleged failures to include non-discretionary bonuses in calculating Plaintiff's regular rate of pay for purposes of overtime. (Ex. 1, p. 14-15, ¶ 39.) It does not include allegedly unpaid minimum wage resulting from working off-the-clock. (*Id.*, ¶ 38.) It also does not include liquidated damages in an amount equal to unpaid minimum wages, pursuant to Labor Code § 1194.2 (*Id.*, p. 25, ¶ 97.) It does not include any damages or penalties resulting from alleged failures to provide written notice of accumulated paid sick leave. (*Id.*, p. 27, ¶ 108 – p. 28, ¶ 118.)  And it does not include damages recoverable by other putative class members.

36.  This Court therefore has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a) and 1441; the citizenship of Plaintiff and Defendant is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### V.  ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

37.  In accordance with 28 U.S.C. § 1446(a), this Notice of Removal was filed in the District Court of the United States in which the action is pending. Plaintiff originally filed her Complaint in the Superior Court of California for the County of San Diego, which is located within the Southern District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(a) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1446 (a).

///

///

---

[8] $22,414.60 (meal and rest period penalties) + $16,810.95 (unpaid overtime) + $2,750.00 (wage statement penalties) + $7,269.60 (waiting time penalties) + $40,000 (attorney fees) = $89,245.15.

38. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by Exhibits that contain copies of all process, pleadings, and orders served upon or received by Defendant.

39. In accordance with 28 U.S.C. § 1446(b)(3), Defendant's Notice of Removal was filed within 30 days after it was served with a copy of Plaintiff's Complaint.

40. Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the removal of this Action to all parties and is filing a copy of that Notice with the Superior Court of California, County of San Diego. True and correct copies of the notice to Plaintiff and to the state court shall be filed promptly.

## VI. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE CLAIMS OF THE PUTATIVE CLASS UNDER 28 U.S.C. § 1367

41. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all the other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The United States Supreme Court has interpreted Section 1367 to give district courts supplemental jurisdiction over the claims of putative class members, even if those claims do not independently satisfy the amount-in-controversy requirement, so long as they are part of the same case or controversy. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-559 (2005) (holding that that § 1367 "on its face" permits supplemental jurisdiction over claims of class members that do not satisfy section 1332's jurisdictional amount requirement).

42. Different class members' claims are part of the same case or controversy where they derive from a common nucleus of operative fact. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

43. Plaintiff's claims, and the claims of the putative class, are necessarily part of the same case or controversy because they all derive from a common nucleus

35884776_1

9
DEFENDANT'S NOTICE OF REMOVAL

of operative facts. For example, Plaintiff alleges that "[c]ommon questions of law and fact exist as to all class members and predominate over any questions affecting only individual members of the Classes or Subclass." (Ex. 1, p. 17, ¶ 53.) She further alleges that "Plaintiff and all class members' claims arise from the same events, practice and/or course of conduct of Defendants." (*Id.*, p. 18, ¶ 54.) "Accordingly, the legal theories underlying each cause of action are the same and the remedies sought by Plaintiff and all class members are the same." (*Id.*) By Plaintiff's own admission, her claims are part of the same case or controversy as the class members.

44.   This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332. Plaintiff's claims and the claims of the class derive from a common nucleus of operative fact and are part of the same case or controversy. This Court therefore has supplemental jurisdiction over the claims of the entire putative class pursuant to 28 U.S.C. § 1367(a).

## VII.   CONCLUSION

For the foregoing reasons, Defendant removes the above-entitled action to the United States District Court for the Southern District of California.

DATED: October 10, 2018

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Nikolas T. Djordjevski
Brian D. Berry
Lisa M. Bowman
Nikolas T. Djordjevski
Attorneys for Defendant SOUTHWEST AIRLINES CO.

35884776.1

35884776_1