1  Brian D. Berry, CA Bar No. 229893
   brian.berry@ogletree.com
2  Lisa M. Bowman, CA Bar No. 253843
   lisa.bowman@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  Steuart Tower, Suite 1300
   One Market Plaza
5  San Francisco, CA  94105
   Telephone:  415.442.4810
6  Facsimile:   415.442.4870

7  Nikolas T. Djordjevski, CA Bar No. 294728
   nikloas.djordjevski@ogletree.com
8  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
9  4370 La Jolla Village Drive, Suite 990
   San Diego, CA 92122
10 Telephone:  858.652.3100
   Facsimile:   858.652.3101

Attorneys for Defendant SOUTHWEST AIRLINES CO.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUZANNE TANIS, individually and on behalf of all similarly situated employee of Defendants in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO. and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 3:18-cv-02333-BEN-BGS<br><br>**DEFENDANT SOUTHWEST AIRLINES CO.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ACTION WITHOUT PREJUDICE**<br><br>Date September 30, 2019<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Action Removed: October 10, 2018<br>Trial Date:    Not Set |

## I. INTRODUCTION

This is Plaintiff Suzanne Tanis' ("Plaintiff") second request for voluntary dismissal of her claims without prejudice. The Court rejected Plaintiff's initial, one-sentence request for voluntary dismissal because Defendant Southwest Airlines Co. ("Southwest") opposed the motion and Plaintiff provided "no detail as to why she requests the case be dismissed." ECF 19. In the instant Motion, she again provides no explanation whatsoever about why she wants to dismiss her case, opting instead to say only that she does not feel like arbitrating her individual claims "at this time." ECF 20-1 (Mot. at 2:3-4). But it has now been six months since the Court ordered the Parties to proceed to arbitration. Plaintiff has had more than enough time to decide if she wants to pursue her individual claims. Her attempt to circumvent this Court's arbitration order is driven by pure forum shopping at Southwest's expense. Plaintiff's blatant forum shopping and her refusal to explain why she seeks voluntary dismissal are grounds to deny her request for voluntary dismissal. Thus, the Court should enter an order denying the Motion and instructing Plaintiff that the Court will dismiss her action with prejudice if she does not initiate arbitration within 21 days of the Court's order denying the Motion.

## II. BACKGROUND FACTS

### A. *Tanis I*

On August 15, 2018, Tanis filed this putative class action lawsuit in San Diego County Superior Court alleging that Southwest misclassified her and other Field Instructors as exempt from overtime laws and other provisions of the California Labor Code ("*Tanis I*"). ECF 1-4. On September 10, 2018, Plaintiff served the *Tanis I* complaint on Southwest. *Id.*

On October 9, Southwest answered the complaint in state court and then removed it to this Court on October 10, 2018. ECF 1, 2.

On November 6, 2018, Southwest filed a motion to compel individual arbitration of Tanis's claims, dismiss her class claims, and dismiss or, in the

1                                                                          Case No. 3:18-cv-02333-BEN-BGS

DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE

1    alternative, stay the case.  ECF 9.  On December 5, 2018, two days after Southwest
2    filed its Reply in support of its arbitration motion, Plaintiff filed a Motion for Trial and
3    Limited Expedited Discovery related to the issue of contract formation on the Parties'
4    arbitration agreement.  ECF 13.
5    　　　　On March 11, 2019, the Court found both motions suitable for determination on
6    the papers and issued a ruling.  ECF 16.  In its ruling, the Court granted Southwest's
7    motion to compel arbitration and *ordered the Parties to proceed to arbitration*, but
8    denied Southwest's request to strike the class claims due to the delegation clause in
9    the arbitration agreement.  *Id.* (Order at 13-14).  The Court administratively closed the
10   case "pending the resolution of the arbitration," and denied Plaintiff's motion for a
11   jury trial on the contract formation issue.  *Id.*
12   　　　**B.**　　***Tanis II***
13   　　　　On September 20, 2018—ten days after she served Southwest with the
14   complaint in *Tanis I*—Tanis filed a second action ("*Tanis II*") in San Diego County
15   Superior Court.  Declaration of Brian D. Berry ("Berry Decl."), Ex. 1.  *Tanis I* was
16   still pending in the same court at the time.  *Id.*  The complaints in *Tanis I* and *Tanis II*
17   plead the same misclassification theory and the same purported Labor Code violations.
18   *Compare* ECF 1-4, *with* Berry Decl., Ex. 1.  The only difference between the two cases
19   is that *Tanis I* is a putative Rule 23 class action that seeks damages, while *Tanis II* is
20   a putative representative action under the Private Attorneys' General Act ("PAGA")
21   that seeks penalties.  *Id.*
22   　　　　On November 8, 2018, Southwest filed a Motion to Stay *Tanis II* pending this
23   Court's order on Southwest's then-pending arbitration motion and the completion of
24   the arbitration in *Tanis I*, if ordered.  Berry Decl., Ex. 2.  Southwest explained that
25   litigating the wage-and-hour claims in *Tanis I* and *Tanis II* at the same time would
26   present a substantial risk of inconsistent rulings and judgments, and needlessly burden
27   Southwest with duplicative discovery and depositions.  *Id.* at 1.  Southwest explained
28   further that a stay would prevent Tanis, who made a tactical decision to divide her

causes of action into separate complaints, from taking advantage of her improper forum shopping and claim-splitting. *Id.*

On March 8, 2019, the Superior Court judge in *Tanis II* granted Southwest's motion, noting in its written order that "[t]he two actions are premised on the same facts and law. If there were no Labor Code violations, then there can be no penalties under PAGA." Berry Decl., Ex. 3 (Order at 1). The order explained further that PAGA is "'simply a procedural statute allowing an aggrieved employee to recover civil penalties - for Labor Code violations - that otherwise would be sought by state labor law enforcement agencies.' (*Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court* (2009) 46 Cal.4th 993, 1003.) The two actions share a similar controversy at issue — whether Plaintiff is an aggrieved employee." Berry Decl., Ex. 3 (Order at 1).

### C. The Court's Denial of Plaintiff's Initial Request for Voluntary Dismissal

On July 26, 2018, after more than four months of silence following this Court's order compelling arbitration, Plaintiff's counsel emailed Southwest's counsel to say Plaintiff "will not be pursuing individual arbitration *at this time* and will solely be pursing the PAGA matter." Berry Decl., Ex. 4 (emphasis added). In response, Southwest's counsel explained that arbitration is the proper forum for Plaintiff to resolve her misclassification allegations in light of this Court's arbitration order, and that the Superior Court should not lift the stay in *Tanis II* until after Plaintiff resolves her individual claims in arbitration. *Id.*

Plaintiff responded by filing a one-sentence Request to Dismiss this case without prejudice. ECF 17. On August 16, 2019, Defendant opposed the Request on the grounds that (1) Plaintiff failed to file a noticed motion with supporting evidence, (2) Plaintiff's Request constituted forum shopping, and (3) the Request interfered with Defendant's legally protected right to arbitrate Plaintiff's individual misclassification claims. ECF 18.

On August 19, 2019, this Court issued an order denying Plaintiff's Request without prejudice. ECF 19. The Order states:

> Given that ***Plaintiff provides no detail as to why she requests the case be dismissed***, and given that Southwest opposes the motion, the Court declines to dismiss the case at this time. Plaintiff may file a proper noticed motion requesting dismissal of her case if she so chooses. ***Plaintiff must also specify why her case should be dismissed without prejudice***, as she requests.

*Id.* (emphasis added)

Plaintiff then filed the instant Motion, repeatedly stating that she does not wish to pursue her individual claims in arbitration "at this time" but providing no explanation for why she wants to dismiss her complaint. ECF 20 (Mot. at 2:4, 4:3, 5:5, 6:7).

### III.   ARGUMENT

"The purpose of [FRCP 41(a)(2)] is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir.1989) (citations omitted). A court has discretion to grant or deny a plaintiff's request for dismissal under Rule 41(a)(2) and to condition any dismissal "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

When ruling on a motion to dismiss without prejudice, the district court determines "whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017). Courts recognize that blatant "forum shopping" may be valid grounds to deny a Rule 41(a)(2) motion. *See, e.g., Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986); *Tur v. YouTube, Inc.*, No. CV06-4436 FMC (AJWX), 2007 WL 4947615, at *3 (C.D. Cal. Oct. 19, 2007) (citing *Kern Oil* for proposition that "blatant forum shopping may be valid grounds to deny a Rule 41(a)(2).")

### A. The Court Should Deny Plaintiff's Request Due to Her Blatant Forum Shopping

The procedural history of *Tanis I* and *Tanis II*—along with Plaintiff's cagey opening brief in support of this Motion—make clear that she is forum shopping. She filed *Tanis II* in San Diego Superior Court just 10 days after she served Southwest with the *Tanis I* complaint that she had filed in the same court. ECF 1-2, Ex.1 (*Tanis I* complaint); Berry Decl., Ex. 1 (*Tanis II* complaint). In other words, ***Plaintiff filed virtually identical lawsuits in the same court*** that differed only in the relief she sought: damages in this action (*Tanis I*) vs. PAGA penalties in *Tanis II*. *See* Berry Decl., Ex. 3 (Order at 1 ("[t]he two actions are premised on the same facts and law.")). Notably, Plaintiff could have simply amended *Tanis I* prior to removal to add her PAGA claims without leave of court. Cal. Civ. Proc. Code § 472 ("A party may amend its pleading once without leave of the court at any time before the answer, demurrer, or motion to strike is filed."). Instead, she engaged in claim-splitting in order to avoid removal of her PAGA action to this Court and to create a forum-shopping opportunity for herself.

Now that the Superior Court has stayed *Tanis II* in favor of *Tanis I* (over Plaintiff's objection) and this Court has compelled *Tanis I* into arbitration, Plaintiff wants the Superior Court (or perhaps some other court), rather than an arbitrator, to adjudicate her misclassification claims. But Plaintiff is not entitled to pick and choose the forum for the resolution of her claims in this way. Such attempts at forum shopping are grounds for rejecting a request for voluntary dismissal. *See Kern Oil & Ref. Co.*, 792 F.2d at 1389 (9th Cir. 1986) (upholding district court's refusal to dismiss under FRCP 41(a)(2) based on forum shopping, where the plaintiff sought dismissal without prejudice of a claim in order to have it heard before a different court); *Sukonik v. Wright Med. Tech., Inc.*, No. CV1408278BROMRWX, 2016 WL 5921124, at *3 (C.D. Cal. Mar. 2, 2016) (declining request for voluntary dismissal based on forum shopping, where Plaintiff filed state court action in an effort to circumvent the federal

DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE

court's prior orders); *Ramirez v. Avalonbay Communities, Inc.*, No. C 14-04211 WHA, 2015 WL 4396380, at *1 (N.D. Cal. July 17, 2015) (denying request for voluntary dismissal based on forum shopping, where plaintiff tried "to use a belated state court proceeding to circumvent the deadline for joining new parties or to avoid the federal forum."); *Carrillo v. Target Corp.*, No. C 17-05693 WHA, 2017 WL 6497244, at *2 (N.D. Cal. Dec. 19, 2017) ("A motion for voluntary dismissal should be denied if it is based on impermissible forum-shopping, which may be shown if the plaintiff's justification for the motion is baseless."); *Tur*, 2007 WL 4947615, at *3.[1]

According to Plaintiff, courts in three different cases permitted plaintiffs to voluntarily dismiss their claims under the "exact circumstances" of this case. *See* ECF 20-1 (Mot. at 4:6-18). Plaintiff is wrong about all three cases. In *Weiss v. NNN Capital Fun I, LLC*, 2016 WL 4521621 (S.D. Cal. Apr. 18, 2016), Plaintiff abandoned its interest in the litigation because it received a portion of an intervening $5 million loan payment that obviated its need to pursue relief. *Id.* Here, no intervening incident has prompted Plaintiff to request voluntary dismissal. In *Campos v. JPMorgan Chase Bank, NA*, Case No. 18-cv-06169-JSC, 2019 WL 827634, at *12 (N.D. Cal. Feb. 21, 2019), the Court granted a motion to compel arbitration and noted that courts in this District often, when compelling arbitration, simultaneously issue orders dismissing the underlying actions without prejudice (i.e., in the alternative to staying the case or administratively closing the case pending the completion of arbitration). *Id.* Thus,

---

[1] Although the court in *Tur* ultimately granted plaintiff's request for voluntary dismissal without prejudice, it did so because (i) the plaintiff had "repeatedly indicated his desire to join in [a separate] class action in order to legitimately facilitate the interests of the putative class, through the unification of discovery and other pre-trial matters," (ii) class counsel had been "transparent" with the court, and (iii) the defendant had resisted numerous efforts at coordinating discovery with the separate class actions. *Tur*, 2007 WL 4947615, at *3. None of these factors are present here. Plaintiff is not trying to conserve resources by coordinating discovery and pretrial proceedings in another pending class action, and she has been anything but transparent about her motivations for requesting dismissal of this case.

1  *Campos* involved a defendant's motion to dismiss a case in furtherance of
2  arbitration—not a Plaintiff's request for voluntary dismissal designed to circumvent
3  an order compelling arbitration.[2]  Finally, *Cardiff Equities, Inc. v. Superior Court of*
4  *Los Angeles County*, 166 Cal. App. 4th 1541 (2008) is inapplicable because it was a
5  state court action that applied the California Code of Civil Procedure, not the Federal
6  Rules of Civil Procedure.  *Compare id.* at 1549 (discussing "absolute right" to
7  voluntary dismissal prior to trial under section 581 of the California Code of Civil
8  Procedure), *with* Fed. R. Civ. P. 41; *Kern Oil & Ref. Co.*, 792 F.2d at 1389.  Also, the
9  issue of forum shopping was not present in *Cardiff Equities*.

10  In sum, the record is plain that Plaintiff is engaged in blatant forum shopping.
11  This reason alone is sufficient for the Court to deny her request for voluntary dismissal.

12  ### B. Plaintiff Fails to Explain Why She Seeks Voluntary Dismissal

13  In its order denying Plaintiff's first request for voluntary dismissal, this Court
14  specifically noted that "Plaintiff provides no detail as to why she requests the case be
15  dismissed" and instructed Plaintiff "to specify why her case should be dismissed
16  without prejudice" in any subsequent request for voluntary dismissal.  ECF 19.
17  Plaintiff ignores these instructions, just as she ignored the Court's prior order to
18  "proceed to arbitration."  ECF 16 at 14.  She offers no explanation whatsoever for why
19  she wants to dismiss this case.  Notably, Plaintiff's moving papers are not supported
20  by any declaration from Plaintiff, and her brief offers nothing but the empty mantra—
21  repeated time and again—that she does not wish to pursue her individual claims "at
22  this time."  *See* ECF 20 (Mot. at 2:4, 4:3, 5:5, 6:7).  This cagey assertion does not
23  comply with the Court's prior order, and her refusal to explain herself is grounds for

---

[2] In ordering the Parties to arbitration, this Court did not dismiss this action but instead administratively closed the case "pending the resolution of the arbitration."  ECF 16 (Order at 13-14).  To the extent Plaintiff is seeking reconsideration of that order, her motion is procedurally improper and is not motivated by any material change in fact of law. L.R. 7.1(i); Fed. R. Civ. P. 59, 60.

denying the Motion. *See, e.g., Ascolese v. Cty. of Los Angeles*, No. EDCV081267ABCCWX, 2012 WL 12964369, at *3 (C.D. Cal. Aug. 6, 2012) (denying request for voluntary dismissal, where "Plaintiffs have proffered no explanation for why they seek to dismiss this case. . . Plaintiffs' ***silence on this issue favors denial of the Motion***.") (emphasis added).

### C. Entry of Voluntary Dismissal Would Prejudice Southwest

Southwest has a legally protected contractual right to have Plaintiff's individual claims decided in arbitration under the terms of the Parties' arbitration agreement. ECF 16 (Order compelling arbitration); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) ("The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms.") (internal quotes omitted). Granting Plaintiff's request for voluntary dismissal would prejudice Southwest's legally protected interest in this contractual right. In addition, Southwest has expended considerable resources defending Plaintiff's claims in this forum. Besides investigating the merits of Plaintiff's claims, Southwest has incurred substantial costs removing this case from state court, drafting an answer, drafting a motion to compel arbitration and brief in support, drafting a reply in support of its motion to compel arbitration, and responding to Plaintiff's motion for trial and limited expedited discovery. *See* ECF 1, 2, 9, 12, and 14. To allow Plaintiff to dismiss her claims without prejudice, potentially allowing her to refile the same claims in another lawsuit and forcing defendant to litigate all these issues again, would substantially prejudice Southwest.

### D. Plaintiff's Assertion that Southwest is Forcing Her To Dismiss Her Claims with Prejudice is a Red Herring

According to Plaintiff, Southwest is attempting to force her to "dismiss her claims with prejudice so she will be foreclosed from pursuing her non-arbitrable PAGA claims." ECF 20-1 (Mot. at 2:12-18); *see also id.* at 5:12-14 (arguing that Plaintiff is "asking this Court to adjudicate Plaintiff's claims on the merits by

dismissing her claims with prejudice.")  In reality, Southwest is simply trying to prevent her from forum shopping at Southwest's expense and to hold her accountable to the terms of the arbitration agreement and this Court's prior orders.  If Plaintiff believes her individual misclassification claims have merit and wants to seek recovery for them, she must proceed to arbitration.  Whether she wants to pursue her individual claims is a decision that only Plaintiff can make.  There is no merit to her assertion that Southwest is forcing her to dismiss her claims with prejudice.  In addition, nothing about this Court's arbitration order is inconsistent with its power to impose conditions on any order granting voluntary dismissal, *see* Fed. R. Civ. P. 41(a)(2), or to issue an order for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).

## IV.   CONCLUSION

For the reasons stated above, Southwest respectfully requests that this Court deny Plaintiff's request for voluntary dismissal with instructions that the Court will dismiss this case with prejudice under Rule 41(b) if Plaintiff does not initiate arbitration within 21 days from the date of the Court's order.

DATED:  September 16, 2019            OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ *Brian D. Berry*
     Brian D. Berry
     Lisa M. Bowman
     Nikolas T. Djordjevski
     Attorneys for Defendant
     SOUTHWEST AIRLINES CO.

40005741.1