# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE TANIS,<br><br>  Plaintiff,<br><br>  v.<br><br>SOUTHWEST AIRLINES, CO. *et al*,<br><br>  Defendants. | Case No. 18-cv-2333-BAS-BGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>**[ECF No. 20]** |

Plaintiff Suzanne Tanis filed a complaint in San Diego Superior Court against Defendant Southwest Airlines Co. Southwest removed the case to this Court and answered the complaint. (ECF Nos. 1, 2.) Southwest moved to compel arbitration, which the Court granted and ordered the parties to proceed to arbitration. (ECF No. 16.) A few months later, Plaintiff filed a notice of voluntary dismissal, stating she was dismissing her case without prejudice. (ECF No. 17.) Southwest objected to the notice for a few reasons, one being that the case could not be dismissed without a court order. (ECF No. 18.) Indeed, pursuant to Federal Rule of Civil Procedure 41(a)(2), the case could not be dismissed without a court order because Southwest had filed an answer. The Court denied Plaintiff's request and informed her that she could file a proper noticed motion requesting dismissal of her case.

Plaintiff has done so and moves to dismiss her entire case without prejudice. ("Mot.," ECF No. 20.) Southwest opposes the Motion. ("Opp'n," ECF No. 21.)

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Further, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). "[P]lain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage." *Id.* But "blatant forum shopping may be valid grounds to deny a Rule 41(a)(2) motion." *Sukonik v. Wright Med. Tech., Inc.*, No. 14-8278-BRO (MRWx), 2016 WL 5921124, at *2 (C.D. Cal. Mar. 2, 2016 (citing *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389–90 (9th Cir. 1986)).

## II. ANALYSIS

In arguing prejudice, Southwest points to the procedural history of this and another related case. Southwest notes that soon after Plaintiff filed the instant action, she filed a second complaint in state court. (Mot. at 2.) The present case was filed as a putative class action, and the second case is a putative representation action filed under the Private Attorneys' Generals Act ("PAGA"). (*Id.*) At Southwest's request, the state court judge stayed the PAGA case pending arbitration. (*Id.* at 3.) The judge acknowledged that Plaintiff stated she would dismiss her individual claims to avoid arbitration if the PAGA case was stayed. (*Id.*) The PAGA case is currently stayed.

According to Southwest, Plaintiff has not initiated arbitration. And Southwest

argues that if this case is dismissed without prejudice, it will allow Plaintiff to "circumvent this Court's arbitration order" and take advantage of forum shopping. (*Id.* at 2, 5.) Southwest requests the Court "enter an order denying the Motion and instructing Plaintiff that the Court will dismiss her action with prejudice if she does not initiate arbitration within 21 days of the Court's order denying the Motion." (*Id.*) Plaintiff states she does not want to pursue her individual and class claims at this time, and she acknowledges that if she decides to pursue those claims, she will need to do so in arbitration. ("Reply," ECF No. 22, at 2.)

The Court finds that there is no evidence of forum shopping. Instead, Plaintiff seeks to pursue her PAGA claims rather than her individual and class claims. The Court cannot force Plaintiff to initiate arbitration (as Southwest requests) if she instead chooses to drop her claims and pursue non-arbitrable claims. Therefore, the Court finds no legal prejudice to Southwest. If Plaintiff ever does decide to pursue her individual or class claims, she acknowledges she must do so in arbitration, thus, Southwest is not losing any legal rights. And if Plaintiff decides to pursue her claims in arbitration, Southwest will not be forced to repeat any work or expend any unnecessary resources. The only actions it has taken have been in this Court, and those actions would not need to be duplicated in an arbitration proceeding. Further, Southwest has no right to have Plaintiff's PAGA claims litigated in arbitration, so it is not losing any rights in defending them in state court. Without any legal prejudice to Southwest, the Court finds no basis to deny Plaintiff's motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Dismiss and **DISMISSES** this case without prejudice. The Clerk is instructed to close the file.

**IT IS SO ORDERED.**

**DATED: October 17, 2019**

Hon. Cynthia Bashant
United States District Judge